**Raymond S. Roberts, Inc. v. Jerome Weiss**

[315 A.2d 289]

No. 16-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Frederick G. Cleveland, Esq.,* of *McKee, Clewley & Fitz-Patrick,* Montpelier, for Plaintiff.

*Jerome Weiss, pro se.*

**Daley, J.** The plaintiff, a Vermont corporation, made certain repairs to the defendant's automobile at his request on July 20, 1972, for which it was not paid. It then filed claim against the defendant under our small claims procedure statutes, 12 V.S.A. chapter 187, § 5531 *et seq.*; see also D.C.C.R. 80.3(f), (g). The District Court of Vermont, Unit No. 6, Windham Circuit, properly notified the defendant of the claim, which he denied. The court then notified the defendant, living in Clinton, New York, that the matter would be heard on November 30, 1972. By letters dated November 14 and November 26, 1972, the defendant informed the court that he could not be present on that date because he was teaching and did not foresee the possibility of getting to Vermont for a court hearing. On November 30, 1972, the court entered judgment against the defendant in the total sum of two hundred and thirty-eight dollars and sixty-four cents ($238.64), the amount claimed by the plaintiff and taxable costs. After being notified of the judgment, the defendant again wrote the court, stating that he wished to appeal and countersue. The trial court informed him of the procedures necessary for an appeal and enclosed an instruction sheet outlining small claims procedures. No counterclaim was filed, and the defendant seasonably appealed from the judgment to this Court. In the trial court, as well as in this Court, the defendant appears *pro se.*

His appeal was met with a motion to dismiss for failure to comply with our rules of appellate procedure. When the motion to dismiss came on for hearing, in the absence of the defendant, we deferred action on the same. We then administratively informed him as to what he must do to present a question of law for our decision. By letters to this Court dated October 6 and 14, 1973, the defendant stated his grounds of appeal as being: (1) his inexperience and lack of a lawyer; (2) the lack of help from the court; (3) the distance and inconvenience of getting to the court; (4) that he did not have his day in court; (5) possible prejudice on the part of the court. He further stated that he was appealing for a total of sixty dollars ($60); six (6) hours of time lost at the rate of ten dollars ($10) an hour. The appellant did not appear personally before this Court, nor did he file a brief as required by our rules of appellate procedure. Although not required to do so, we have examined the claims made by the appellant

in his various letters to the court below and to this Court. We have also examined the record forwarded to this Court from the district court.

The defendant was afforded an opportunity to be heard in the lower court and did not avail himself of the now-claimed right to hearing. His claim of prejudice on the part of the lower court is not supported by his correspondence or by the record. The court acquired jurisdiction over the subject matter of the plaintiff's claim and of the parties. The counterclaim, which the defendant now seeks to raise, cannot be raised for the first time in this Court. The defendant has advanced no legal reason why the judgment of the lower court should be reversed. The appellant has demonstrated no legal or factual basis upon which relief could be granted by this Court.

*The judgment of the lower court is affirmed; appeal dismissed.*